The Law Office Of John F. Olsen, LLC
John F. Olsen
105 Grove Street, Suite 6
Montclair, NJ 07042 Montclair, New Jersey 07043
t. (973) 932-0474

*Attorneys for Plaintiff TET Systems GmbH & Co. KG*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TET SYSTEMS GMBH & CO. KG,<br><br>                   Plaintiff,<br><br>             -v-<br><br>VECTOR BUILDER, INC. and AUSTIN JELCICK,<br><br>                   Defendants. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TET Systems GmbH & Co. KG ("TET") hereby brings this action against defendants Vector Builder, Inc. and Austin Jelcick for infringement of United States Patent No. 7,541,446 and alleges as follows**:**

**OVERVIEW AND THE PARTIES**

1. This is an action for patent infringement arising under the patent laws of the United States.

2. TET is a corporation organized and existing under the laws of Germany, having its principal place of business at Im Neuenheimer Feld 582, D-69120 Heidelberg, Germany.

3. Vector Builder is a domestic corporation operating nationally and internationally. Vector Builder's principal place of business is 150 Pine Forest Drive, Suite 803, Shenandoah, Texas.

4. Austin Jelcick is Vector Builder's Chief Operating Officer. Upon information and belief, Jelcick is a resident of California.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over TET's state law claims pursuant to 28 U.S.C. §1367.

6. This Court has personal jurisdiction over Vector Builder and Jelcick by virtue of their substantial, continuing and ongoing contacts with this State and judicial district. Vector Builder and Jelcick actively conduct business in the State of New Jersey, either directly through the Internet or through distributors, and has received orders from, and has filled and shipped orders to the State of New Jersey for the infringing products and services. These tortious acts form the basis of TET's claims against Vector Builder and Jelcick. As a result, this Court has personal jurisdiction over defendants.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(c), 1391(d), and 1400(b) because Vector Builder is deemed to reside in this district and the defendants have committed acts and continue to commit acts of infringement in this district.

## THE TET SYSTEM

8. TET was founded by prominent academic researchers – Prof. Dr. Hermann Bujard, Prof. Dr. Wolfgang Hillen and Dr. Manfred Gossen. Drs. Bujard, Hillen

and Gossen invented and patented a system to modify cells to control gene expression in eukaryotic cells (the "Tet System").

9. Using the Tet System, higher cells and entire organisms can be used as hosts in assays, or screening tests that control target gene expression via external stimuli. Cell-based screening assays can be useful in discovering and profiling the activity of chemical compounds versus medically-relevant targets, including, for example, antiviral activity against the Hepatitis virus.

10. Among the patents covering the components of the Tet System is United States Patent No. 7,541,446 entitled "TET REPRESSOR-BASED TRANSCRIPTIONAL REGULATORY PROTEINS" (the "'446 Patent"). The '446 Patent was duly and legally issued by the United States Patent and Trademark Office on June 2, 2009. A copy of the '446 Patent is attached to this complaint as Exhibit A.

11. TET is the owner, by assignment, of all rights, title and interest in the '446, Patent (the "Asserted Patent").

12. Broadly speaking, the Asserted Patent discloses and claims a system and method of providing accurate and reproducible control of expression of a gene of interest using tetracycline or a tetracycline analogue as the controlling effector molecule, in order to study the effects of such genes in cells and animals. The Tet System has been instrumental in understanding among others pathological processes such as cancer development and metastasis. It has also been instrumental in screening new drug compounds in cellular and animal models and to identify the activity of compounds to evaluate their potential use as drugs. Claims of the Asserted Patent

disclose and claim, *inter alia*, vectors inducible regulating the expression of genes of interest under control of the Tet System.

13.  The technology in the Asserted Patent has been recognized in the scientific literature as a broadly and successfully applied system for controlled gene expression in eukaryotes, *i.e.*, organisms made up of cells that possess a nucleus containing genetic material.

14.  TET has commercially embodied features claimed in the Asserted Patents.

### DEFENDANTS' INFRINGING ACTIVITIES

15.  Vector Builder is a biomedical company that describes itself as an:

> evolutionary online platform aimed at providing researchers with one-stop solutions to all their vector design, custom cloning and virus packaging needs.  Our web-based design tool provides a highly intuitive workflow for you to design your desired vector with just a few mouse clicks, all for free.  You can then use our online ordering system to purchase your vector – along with related services such as virus packaging – as easily as shopping at Amazon.

16.  Vector Builder and Jelcick have infringed at least Claims 5 and 6 of the '446 Patent by, among other things, using, creating, selling, and offering to sell in the United States products and services that directly infringe those claims either literally or under the doctrine of equivalents (the "Accused Products").  The Accused Products include, at least, the creation, sale and marketing of vectors making use of the "Tet-On Advanced" technology which allows, among other things, the control of various genes of interest (*e.g.* EGFP (enhanced green fluorescent protein)) and the manufacture of Tet control elements potentially of later generations.

17. Vector Builder and Jelcick are aware of the existence of the Asserted Patent and TET put them on notice that their use of the inventions described in the Asserted Patents was unauthorized.

18. Vector Builder and Jelcick have ignored TET's repeated demands that they cease all infringing activities.

19. Jelcick actively aided and abetted Vector Builder in its infringing activities.

20. Vector Builder and Jelcick actively induce others to infringe the Asserted Patent by offering a service to create and manufacture material and products that infringe the Asserted Patent.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 7,541,446**

21. TET realleges paragraphs 1–20 as if fully set forth herein.

22. Vector Builder and Jelcick use, sell, and offer to sell products that infringe, either directly or under the doctrine of equivalents, each of the elements of one or more claims of the '446 Patent, without license from TET, in violation of 35 U.S.C. § 271 in this judicial district and possibly elsewhere.

23. Vector Builder and Jelcick have infringed and are infringing the '446 Patent by, among other things, making, using, selling and offering for sale vectors making use of the "Tet-On Advanced" technology covered by one or more claims of the '446 Patent, including but not limited to the Accused Products.

24. Vector Builder and Jelcick have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '446 Patent by others in

this district and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

25.     TET has been and continues to be damaged by defendants' infringement of the '446 Patent in an amount to be determined at trial.

26.     TET has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless defendants' infringement of the '446 Patent is enjoined by this Court.

27.     Defendants' infringement of the '446 Patent is willful and exceptional and entitles TET to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

28.     TET realleges paragraphs 1–27 as if fully set forth herein.

29.     In connection with the promotion, marketing, and distribution of the Accused Products, defendants have made certain factual misrepresentations including, but not limited to, statements that the services it provides in connection with the Accused Products are a legitimate and lawful means of obtaining products and material that would otherwise be covered by patents held by TET.

30.     Such misrepresentations are material, as they are likely to deceive or mislead prospective customers and to encourage them to purchase the Accused Products rather than products and services licensed by TET.

31.     The defendants' conduct is likely to confuse a prospective buyer or customer as to the origin, source, or legitimacy of defendants' products and services, or

6

to cause mistake or to deceive the public into believing that defendants' sale of the Accused Products is authorized by TET.

32. Defendants have promoted and deceptively marketed the Accused Products to the detriment of TET, as many of TET's customers and licensees and prospective customers and licensees have been and will be induced to purchase the Accused Products instead of licensed TET products based on defendants' statements and conduct described herein.

33. TET's customers and licensees and prospective customers and licensees would not otherwise have purchased the Accused Products but for defendants' conduct and representations described herein.

34. Defendants' misrepresentations and conduct, described herein, have caused and are likely to cause its customers and prospective customers to obtain the Accused Products from defendants and avoid paying license fees to TET and its licensees, thereby decreasing TET's profits and causing harm to its reputation and goodwill.

35. The defendants' conduct in deceptively marketing and promoting the Accused Products, and its other acts and conduct as described herein, are actionable as an unfair method of competition pursuant to the common law of New Jersey, and TET has been damaged as a result of the defendants' unfair competition.

36. Because defendants' acts were undertaken with the intent to harm TET in disregard of its rights, TET is further entitled to an award of punitive damages against defendants in an amount sufficient to punish it and to deter such conduct in the future.

37. TET has no adequate remedy at law for the above immediate and continuing harm. TET has been, and absent injunctive relief will continue to be, irreparably harmed by defendants' actions.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INTERFERENCE WITH PROSPECTIVE
### ECONOMIC ADVANTAGE

38. TET realleges paragraphs 1–37 as if fully set forth herein.

39. TET had existing and potential business relationships with clients and licensees throughout New Jersey and the Eastern United States from which it derived, or would derive, a financial benefit.

40. Defendants knew that TET had existing and potential business relationships with licensees and, with the intent to interfere with those existing and potential business relationships, offered the Accused Products to divert those existing and potential business relationships.

41. Defendants' conduct disrupted TET's existing and potential business relationships and the prospective economic advantage that would flow from those relationships causing damage to TET in an amount to be proven at trial.

42. Defendants' acts, and each of them, were willful, fraudulent and malicious and TET is entitled to an award of punitive damages.

### JURY DEMAND

TET requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TET prays for relief as follows:

1. Judgment that defendants have infringed the Asserted Patent as alleged herein;

2. Compensatory damages on its First Claim for Relief in an amount according to proof, and in no event less than a reasonable royalty, which should be trebled pursuant to 35 U.S.C. § 284;

3. Compensatory damages on is Second and Third Claims for Relief in an amount to be proven at trial;

4. Prejudgment interest on the compensatory damages awarded to TET;

5. Post-judgment interest on all sums awarded to TET from the date of judgment;

6. A preliminary and permanent injunction forbidding Austin Jelcick, Vector Builder and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, from further infringing the Asserted Patent or inducing others to do so;

7. A finding that this case is "exceptional" and an award to TET of its reasonable attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

8. Any and all other relief that the Court deems just and equitable.

Dated:  April 8, 2019

        THE LAW OFFICE OF JOHN F. OLSEN, LLC
        105 Grove Street, Suite 6
        Montclair, NJ 07042
        Tel.  (973) 932-0474


       By: */s/ John F. Olsen*
        John F. Olsen

        Attorneys for Plaintiff TET Systems GmbH & Co. KG

10